UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMY S. JAKUBOVSKY,

    Plaintiff,

v.                                                                                     Case No. 08-C-206

BLACKJACK SKI CORPORATION,

    Defendant.

**ORDER**

This matter comes before the Court on Defendant Blackjack Ski Corporation's motion to transfer venue to the United States District Court for the Western District of Michigan, alleging venue is improper in this Court for lack of personal jurisdiction under 28 U.S.C.S. § 1391. For the following reasons, the motion to transfer venue will be denied.

**I. BACKGROUND**

Defendant Blackjack Ski Corporation ("Blackjack") is a Michigan corporation, organized under the laws of Michigan, which owns a recreational ski facility in Bessemer, Michigan, not far from the Michigan-Wisconsin border. (Br. Supp. 5; Steiger Aff. ¶ 3.) Blackjack does not own property in Wisconsin, and has no business operations or employees conducting business here. (Steiger Aff. ¶¶ 4-5.) Blackjack has advertised its ski facility through brochures and magazines available at gas stations, visitor centers, and restaurants in Wisconsin. (Jakubovsky Aff. ¶¶ 9-15.) It has also advertised its facility through radio and newspaper ads in Michigan and parts of

Wisconsin. (Steiger Aff. ¶ 8.) Reports concerning the ski conditions at Blackjack's facility are available in Green Bay, Wisconsin in the local newspaper, at a local ski shop, on local television stations, and on local television stations' websites. (Bursik Aff. ¶ 4; Jakubovsky Aff. ¶¶ 4-7.) Blackjack itself maintains a website that advertises its proximity to Wisconsin and special pricing available to residents of counties in Michigan and northern Wisconsin that are close to its facility. (Bursik Aff. ¶¶ 2-3.) The only contract Blackjack has entered into with a Wisconsin entity was with one company which disbursed Blackjack's brochures. (Steiger Aff. ¶ 6.)

Plaintiff Amy Jakubovsky is a resident of Brown County, Wisconsin. (Jakubovsky Aff. ¶ 1.) Jakubovsky filed this action against Blackjack alleging she suffered severe injuries when on January 27, 2007, while skiing an open and marked trail at Blackjack's facility, she was struck by a snowboarder who jumped across the trail from another unmarked trail. She was thrown by the impact into a wooden fence, constructed by Blackjack, that ran parallel to the marked trail on which she had been skiing. (Compl. ¶¶ 7-9.) Jakubovsky claims that Blackjack was negligent in its construction and placement of the fence and in failing to warn skiers of unmarked trails, and that its actions constitute a violation of Mich. Compl. Laws 408.326a, which governs tort actions over the operation of ski slopes in Michigan. (Compl. ¶¶ 10-27.)

Presently before me is Blackjack's motion to transfer venue to the United States District Court for the Western District of Michigan. Blackjack claims venue is improper in this district under 28 U.S.C. § 1391, for lack of personal jurisdiction. Jakubovsky opposes the motion, claiming venue in this Court is appropriate, because Blackjack is subject to personal jurisdiction under Wisconsin's long-arm statute, based on its substantial activities and solicitation of business in this state.

2

## II. ANALYSIS

Jakubovsky claims that venue is appropriate in this district under 28 U.S.C. § 1391(a) and (c). (Compl. ¶ 5.) 28 U.S.C. § 1391(a) provides,

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Pursuant to 28 U.S.C. § 1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." A federal court has personal jurisdiction over a diversity case only if a court of the state in which the federal court sits would have jurisdiction. *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 664 (7th Cir. 1986). According to Jakubovsky, this Court has personal jurisdiction over Blackjack because Blackjack is subject to specific personal jurisdiction under Wis. Stat. § 801.05(4)(a), and general personal jurisdiction under Wis. Stat. § 801.05(1)(d). (Br. Opp. 8.)

General jurisdiction exists only when a party has "continuous and systematic" contacts with the forum state, while specific jurisdiction is established when a lawsuit "arises out of" or is "related to" a party's minimum contacts in the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). Under Wisconsin law, determining whether either type of personal jurisdiction exists requires a two-step inquiry. First, the Court must determine whether Defendants are subject to jurisdiction under Wisconsin's long-arm statute, Wis. Stat. § 801.05. *Kopke v. A. Hartrodt, S.R.L.*, 2001 WI 99, 629 N.W.2d 662, 667 (Wis. 2001). Second, if the

3

statutory requirements are satisfied, the Court must decide whether the exercise of jurisdiction comports with the requirements of due process. *Id*.

Because Wisconsin's long-arm statute, unlike some other states' long-arm statutes, is intended to reach to the fullest extent allowed under the Due Process Clause, *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1217 (7th Cir. 1990); *State ex rel. N.R.Z. v. G.L.C.*, 447 N.W.2d 533, 535 (Wis. 1989), compliance with the statute raises a rebuttable presumption that the exercise of personal jurisdiction pursuant to the statute is consistent with due process requirements. *Mamco Corp. v. Max Buchanan Co., Inc.*, 793 F. Supp. 200, 202 (E.D. Wis. 1992) (citations omitted). A nonresident defendant may rebut this presumption by showing that its contacts with Wisconsin are insufficient to submit it to suit in a Wisconsin forum. *Id*. (citation omitted).

The Court's due process inquiry involves two steps. First, the Court determines whether the defendant "purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Next, the Court considers those contacts "in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Id.* at 476 (quoting *Int'l Shoe*, 326 U.S. at 320). The critical inquiry is whether the defendant has "purposely availed" itself of the privilege of conducting activities in the forum state, invoking the benefits and protections of its laws, such that the defendant should reasonably anticipate being haled into court there. *Int 'l Med. Group, Inc. v. Am. Arbitration Ass'n, Inc.*, 312 F.3d 833, 846 (7th Cir. 2002) (citing *Burger King*, 471 U.S. at 474-75).

Where a defendant files a motion challenging the Court's personal jurisdiction, a plaintiff bears the burden of establishing the necessary jurisdictional facts. *Steel Warehouse of Wisconsin,*

4

*Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). However, the burden is not a heavy one; a plaintiff need only make a prima facie showing of the existence of personal jurisdiction. *Id*. In evaluating whether the prima facie standard has been satisfied, the court is to resolve all factual disputes in favor of the plaintiff. *Id*. Wisconsin's long-arm statute is to be liberally construed in favor of jurisdiction. *Lincoln v. Seawright*, 104 Wis. 2d 4, 9, 310 N.W.2d 596, 599 (Wis. 1981).

**A. Specific Personal Jurisdiction**

Jakubovsky claims that Blackjack is subject to specific personal jurisdiction under Wis. Stat. § 801.05(4)(a), because of its advertisements in Wisconsin. She alleges that "Blackjack's advertising has continuously and systematically targeted Wisconsin residents." (Br. Opp. 5.) Wis. Stat. § 801.05(4)(a) is entitled "Local injury; foreign act," and provides for personal jurisdiction over a party upon proper service, "[i]n any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition at the time of the injury . . . [s]olicitation or service activities were carried on within this state by or on behalf of the defendant." Thus, "[t]he jurisdictional facts required by this subsection call for proof of two contacts between the defendant and the state: (i) the occurrence in the state of the injury which the defendant is claimed to have caused; and (ii) some additional contact not necessarily related to that injury. . . ." *Fields v. Peyer*, 75 Wis. 2d 644, 651, 250 N.W.2d 311, 315 (Wis. 1977) (quoting Revision Notes-1959 by G.W. Foster, Jr. for St. 1959, § 262.05, Wis. Stat. Ann. § 801.05 (West 1977)).

Given the two separate jurisdicational facts required under § 801.05(4), Jakubovsky's argument that Blackjack has engaged in repeated solicitation within Wisconsin, however true, is

5

legally unavailing.  The injury she claims she sustained is a foreign injury; it occurred in Michigan, not Wisconsin.  Absent local injury, § 801.05(4)(a) does not support a finding of personal jurisdiction over Blackjack.

The cases relied on by Jakubovsky, *Fields* and *Logan Productions, Inc. v. Optibase, Inc.*, 103 F.3d 49 (7th Cir. 1996), do not suggest a different result.  In *Fields*, the Supreme Court of Wisconsin found the statute conferred personal jurisdiction over a foreign manufacturer where the plaintiff alleged injuries arising out of an automobile accident on a Wisconsin highway, and "it was foreseeable to a reasonable manufacturer that its product would, as a result of its advertising, be likely to be used in the State of Wisconsin . . . [and] if the product proved to be defective, injury would be caused in the State of Wisconsin." 75 Wis. 2d 644, 653, 250 N.W.2d 311, 316.  In *Logan*, the defendant conceded that its conduct fell within the provisions of Wisconsin's long-arm statute.  Therefore, the Seventh Circuit considered only whether an exercise of personal jurisdiction would offend the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

**B.  General Personal Jurisdiction**

Jakuvobsky also contends, however, that Blackjack's advertising activities in Wisconsin falls within the reach of the Wisconsin long-arm statute's general personal jurisdiction provision. I agree. Wis. Stat. § 801.05(1)(d), provides for personal jurisdiction over a defendant upon proper service "[i]n any action whether arising within or without this state, against a defendant who when the action is commenced: [] [i]s engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise."  To determine the substantiality of such activities, the Wisconsin courts consider: (1) the quantity of the contacts; (2)

6

the nature and quality of the contacts; (3) the source of the contacts and their connection with the cause of action; (4) the interests of the State of Wisconsin; and (5) the convenience of the parties. *Nagel v. Crain Cutter Co.*, 50 Wis. 2d 638, 648-50, 184 N.W.2d 876, 881 (Wis. 1971).

Here, Jakubovsky has identified substantial activities conducted by Blackjack in the State of Wisconsin. For example, she notes that Blackjack has admitted to entering a contract with a Wisconsin company for the disbursement of its brochures. (Br. Opp. 7, citing Steiger Aff. ¶ 6.) More importantly, she has established that Blackjack solicits business relationships with Wisconsin consumers through its advertisements in Wisconsin, contained in such brochures, as well as magazines, Wisconsin newspapers, and ski condition reports sent to Wisconsin. Blackjack further advertises its facility to Wisconsin residents via radio and its website, and offers special pricing based on residency in several Wisconsin counties.

Under the *Nagel* factors, these activities are surely substantial and essential to Blackjack's business. Jakubovsky has submitted evidence that Blackjack's advertisements in this state were numerous, appearing at various types of Wisconsin establishments in many parts of the state, including Oneida, Forest, Vilas, and Brown counties. (Jakubovsky Aff. ¶¶ 7-15.) Steiger admits that Blackjack also undertook advertising efforts in the Milwaukee area during the 2006-2007 season. (Steiger Aff. ¶ 9.) As described above, Blackjack has engaged in even further advertising in other formats. The nature of Blackjack's contacts with Wisconsin are directly related to the activity at issue here, the use of its ski facility by Wisconsin residents, and they have been initiated by Blackjack itself. "Wisconsin has a strong interest in compensating its residents who are victims of torts." *Drinkwater v. American Family Mut. Ins. Co.*, 2006 WI 56, ¶ 59, 290 Wis. 2d 642, 714 N.W.2d 568 (Wis. 2006). In addition, the exercise of jurisdiction in this district, where the plaintiff

and many witnesses, including the plaintiff's doctors, are located, will serve the convenience of the witnesses. Given the fact that even if venue were transferred to the Western District of Michigan, Blackjack's employees, to the extent they would have testimony to offer in the case, would nevertheless be forced to travel over 100 miles to the nearest federal courthouse in Marquette Michigan, I conclude that Green Bay constitutes a more convenient forum. In sum, I conclude that the aggregate of the *Nagel* factors demonstrate that Blackjack has engaged in substantial and not isolated activities within the State of Wisconsin. Accordingly, I find that Blackjack is subject to general personal jurisdiction under Wis. Stat. 801.05(1)(d).

**C. Due Process**

I must therefore determine whether the exercise of jurisdiction by this Court will comport with the requirements of due process. As noted above, compliance with Wisconsin's long-arm statute raises a rebuttable presumption that the exercise of personal jurisdiction pursuant to the statute is consistent with due process requirements. *Mamco Corp.*, 793 F. Supp. at 202. A defendant may rebut this presumption by showing that its contacts with Wisconsin are insufficient. *Id*. Here, however, Blackjack has failed to do so.

In order for the exercise of personal jurisdiction to comport with due process, Blackjack must have purposefully established "minimum contacts" in Wisconsin, so as to avail itself of the privilege of conducting activities in Wisconsin, *Burger King Corp.* 471 U.S. at 474; *Worldwide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Int'l Med. Group, Inc.*, 312 F.3d at 846. Maintaining this lawsuit must also not offend "traditional notions of fair play and substantial

8

justice." *Burger King Corp.* 471 U.S. at 474; *FMC Corp. v. Varonos*, 892 F.2d 1308, 1311 n. 5 (7th Cir. 1990) (citing *International Shoe*, 326 U.S. at 316).

Blackjack contends that this Court's exercise of personal jurisdiction would be inconsistent with due process, claiming it has not engaged in "minimum contacts" with Wisconsin, and that traditional notions of fair play and substantial justice would be offended if Blackjack and its witnesses were required to travel the inconvenient distance between its facility and the Court, when it was Jakubovsky who chose to recreate in Michigan. (Br. Supp. 3-6; Reply 5,7.)

In support of these arguments, Blackjack relies upon the decision of the Appellate Court of Illinois in *Pilipauskas v. Yakel*, 629 N.E.2d 733 (Il. App. Ct. 1994). In *Pilipauskas*, the Court found the defendants, doing business as a lodge in Michigan, did not engage in sufficient contacts with Illinois for Illinois courts to exercise in personal jurisdiction over them, where the lodge provided information by phone and mail about its facility to those who inquired about area lodging, belonged to travel marketing associations that did the same, and also distributed brochures advertising its members' facilities at occasional trade shows outside the state and tourist information centers throughout Michigan. Blackjack's contacts with Wisconsin are significantly more substantial. It intentionally undertook multiple advertising ventures using multiple forms of media designed to target potential and existing customers in multiple locations throughout Wisconsin. Thus, the cases are clearly factually distinguishable.

Furthermore, *Pilipauskas* did not follow a finding of general personal jurisdiction under Wisconsin law. The Wisconsin Supreme Court in *Nagel* adopted the five-factor test relevant to determining the substantiality of contacts with the state for purposes of Wisconsin's long-arm statute from its earlier decision in *Zerbel v. H. L. Federman*, 48 Wis. 2d 54, 179 N.W.2d 872

9

(1970), in which the Court had identified these factors as the proper consideration to determine whether the exercise of personal jurisdiction would comport with due process. *Nagel*, 50 Wis. 2d at 648, 184 N.W.2d at 880. The *Nagel* Court held that "the required substantiality of contact" is *greater* when the factors are applied for purposes of determining jurisdiction under the Wisconsin long-arm statute than for purposes of due-process analysis. *Id*. Thus, the Wisconsin Supreme Court has noted, the state's long-arm statute "represent[s] a codification of the minimum contacts required to comport with due process . . . which are 'built in' to the statute." *Lincoln*, 104 Wis. 2d at 13, 310 N.W.2d at 601. Here, the Court has already concluded the five-factor test has been satisfied to a degree sufficient to support jurisdiction under the statute. It follows that the application of these factors to the facts of this case also support the exercise of personal jurisdiction consistent with the requirements of due process.

The exercise of personal jurisdiction in this case is also consistent with federal case law in this circuit. The United States District Court of Illinois has held that "the in state advertisement of out of state vacation destinations are enough to subject the operators of the out of state business to jurisdiction in the state where the advertisement spread." *Cummings v. Club Mediterranee, S.A.*, 2002 WL 1379128, *4 (N.D. Ill. 2002) (citing *Gavigan v. Walt Disney World, Inc.*, 646 F. Supp. 786 (E.D. Pa.1986) (holding Pennsylvania residents could maintain suit in Pennsylvania against defendant's vacation complex in Florida, based on defendant's ongoing promotional campaign in the Philadelphia area)). The Seventh Circuit Court of Appeals in *Logan* described the standard of the Court's due-process inquiry as follows: "if [the defendant] intentionally served the Wisconsin market, [it] purposefully established sufficient minimum contacts to subject it to personal jurisdiction in Wisconsin." *Logan Productions*, 103 F.3d at 53. Here, it is apparent that Blackjack

10

intentionally served the Wisconsin market. Although its fixed-site facility is located in Michigan, Blackjack has done more than simply and passively derive income from the patronage of Wisconsin citizens who visit its site; it has devoted financial resources to the marketing of its facility in Wisconsin, and actively solicited business here.

In addition, courts in this circuit have not found a defendant's need to travel from its home state to one in which personal jurisdiction is exercised to offend traditional notions of fair play and substantial justice. *See Logan Prods.*, 103 F.3d at 54 (noting that it is usually not unfair to force a defendant to defend a lawsuit in a state in which it has engaged in economic activity); *Birnberg v. Milk St. Residential Assocs. Ltd. P'ship*, 2003 WL 151929, *8 (N.D. Ill. 2003) (holding that travel from Massachusetts to Illinois was not oppressive due to modern advances in communication and transportation); *U.S. Gypsum Co. v. All Tank Sales & Supply Co.*, 977 F. Supp. 1340, 1344 (N.D. Ill. 1997) (finding the burden on the defendant to travel to Illinois from Iowa was "not particularly onerous," noting, "Iowa, Illinois' westerly neighbor, is not located at an especially great distance from this courthouse . . . ."). Here, notwithstanding its contentions to the contrary, requiring Blackjack to travel just over 200 miles to Wisconsin from its location near the Michican-Wisconsin border does not offend traditional notions of fair play and substantial justice.

For these reasons I find that the Court's exercise of personal jurisdiction over Blackjack comports with the constitutional requirements of due process.

## CONCLUSION

In sum, I conclude that Blackjack is subject to general personal jurisdiction under the long-arm statute of the State of Wisconsin. Accordingly, and consistent with the requirements of due

11

process, personal jurisdiction is present in this Court. Blackjack's motion to transfer venue to the United States District Court for the Western District of Michigan is therefore DENIED. The Clerk is directed to set this matter on the Court's calendar for a Rule 16 conference.

**SO ORDERED** this   26th   day of June, 2008.

         s/ William C. Griesbach
        William C. Griesbach
        United States District Judge